### NATIONAL HARROW CO. v. WESCOTT et al.

(Circuit Court, N. D. New York. January 27, 1898.)

No. 6,469.

PATENTS—INVENTION AND INFRINGEMENT.

 In the West & Chase patent, No. 244,100, for a spring-tooth harrow, claim 2, for a tooth "having the egg-shaped or bowed portion located as specified," etc., if valid at all, is limited to a tooth so placed that the egg-shaped part hangs well in advance of the beam to which it is attached, and over the next forward beam, so that, in hard soil, it rests thereon, so as to deprive the tooth of a large degree of elasticity.

This was a suit in equity by the National Harrow Company against Pulaski D. Wescott and others for alleged infringement of a patent for a spring-tooth harrow.

Edwin H. Risley, for complainant.
Strawbridge & Taylor, for defendants.

COXE, District Judge. This is an equity suit based on letters patent, No. 244,100, granted July 12, 1881, to L. C. West and N. Chase for a spring-tooth harrow. The second claim, which is the only one involved, is as follows:

"(2) The harrow tooth having the egg-shaped or bowed portion of the tooth located as specified, and terminating on top of the beam in a convex shank, all substantially as set forth."

The defendants insist that they do not infringe. The other defenses need not be considered.

The complainant argues regarding the claim that the words "the egg-shaped or bowed portion of the tooth located as specified" have no reference to the location of the tooth in relation to the other parts of the harrow, but are confined solely to the tooth itself; that is to say, the egg-shaped portion of the tooth must be located with reference to its shank and working point as shown and described. It is

contended that such a tooth, no matter where located, is an infringement. This construction rests the sole claim to novelty and invention upon the shape of the tooth. Assuming that such a construction is permissible, to adopt it would be to invalidate the claim for the reason that the prior art shows spring teeth of almost every conceivable shape, and, in the absence of testimony showing that the patentees have added something of value to the tooth by imparting to it the shape described, the court would not be warranted in basing patentability upon changes, apparently, so insignificant. If these patentees may have a patent for an egg-shaped tooth, the next applicant may secure one for a pear-shaped tooth, the next for a heart-shaped tooth, and so on ad infinitum. But the complainant's construction is not maintainable; it is strained and illogical. The claim states that the bowed portion is "located as specified." If the exact location were not pointed out in the specification and drawings there might be some plausibility for the complainant's contention, but it is. The tooth is placed so that the egg-shaped part hangs well in advance of the beam to which it is attached and extends over the next forward beam for about half the width of said beam. The principal advantages of the patentees' harrow are declared, by the description, to reside in this location. When in operation in average soil there is a space between the egg-shaped portion of the tooth and the forward beam, but when the tooth strikes a hard strip of soil the egg-shaped portion rests on the beam "which temporarily deprives the tooth of a large degree of elasticity." To produce this result was the object of the invention. It could only be produced by locating the teeth in the manner described with reference to the forward beams. By means of this location the patentees assert that they produce great contraction of the tooth frame, less rearward spring, increased vertical oscillation and also automatic control of the elasticity of the teeth in relation to the consistency of the soil. The defendants' harrow is so constructed that by no possibility can the bowed portion of the spring touch the forward beam. Upon no theory, therefore, can the complainant recover. If the claim be construed to cover the defendants' teeth it is void, and it is not infringed if restricted as required by the specification. The bill is dismissed.